**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

               v.                                       **5:01-CR-113**
                                                            **(FJS)**

**ANDRE NAZARIO,**

                          **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley U.S. Courthouse<br>& Federal Building<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for the United States | **LISA M. FLETCHER, AUSA** |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>4 Clinton Exchange, 3rd Floor<br>Syracuse, New York 13202<br>Attorneys for Defendant | **LISA A. PEEBLES, AFPD** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On April 3, 2002, pursuant to an Agreement between the parties, Defendant entered a plea of guilty to Count 1 of the Superseding Indictment, charging him with conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 846. *See* Dkt. No. 300. At the time of sentencing, the Court found that Defendant's total offense level was 35 and his criminal history category was II, resulting in a

presumptive United States Sentencing Guidelines range of 188 to 235 months. However, a statutory minimum sentence of life imprisonment applied. The Government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 based on Defendant's substantial assistance. The Court granted the motion and, on February 10, 2003, imposed a sentence of 187 months' incarceration. *See* Dkt. No. 442.

Currently before the Court is Defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. *See* U.S.S.G. § 2D1.1(c). Defendant also relies on the Second Circuit's recent decision in *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009), to support his motion. *See* Dkt. No. 632. The Government opposes the motion on the ground that "there is no authority for a sentence reduction in this case because [D]efendant's sentence was not 'based on' the old crack cocaine Guidelines as required by 18 U.S.C. § 3582(c)(2)." *See* Dkt. No. 638 at 1.

## II. DISCUSSION

The statute that provides authority for a court to resentence a defendant under these circumstances is 18 U.S.C. § 3582(c)(2), which provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission***.

18 U.S.C. § 3582(c)(2) (emphasis added).

The applicable policy statement that the Sentencing Commission issued is U.S.S.G. § 1B1.10, "Reduction in Term of Imprisonment as a Result of Amendment Guideline Range (Policy Statement)," which provides in pertinent part as follows:

> (a) *Authority*. --
>
> * * * * * * * * * *
>
> (2) *Exclusions*. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
> * * * * * * * * * *
>
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) *Limitation*. – Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a)(2)-(3).

In cases such as this one, where a statutory minimum sentence exceeds the applicable Guidelines range, the court must set the Guidelines sentence at the statutorily required minimum. *See* U.S.S.G. § 5G1.1(b); *United States v. Johnson*, No. 07-1930, 517 F.3d 1020, 1024 (8th Cir. 2008); *Williams*, 551 F.3d at 186 (finding that "the 240-month mandatory minimum 'subsume[d] and displace[d] the otherwise applicable [97 to 121 month] guideline range.'" (quoting *United States v. Cordero*, 313 F.3d 161, 166 (3rd Cir. 2002))). Thus, when a defendant has a Guidelines range below the mandatory minimum *before* applying U.S.S.G. § 5G1.1(b), the Guidelines

sentence **becomes** the statutory mandatory minimum. *See* U.S.S.G. § 5G1.1(b);[1] *Johnson*, 517 F.3d at 1024.

In this case, the retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence, not the statutory sentence, does not help Defendant. The Guidelines sentence – either before or after application of the crack cocaine sentencing amendment – is still the statutory mandatory minimum. Since the retroactive crack cocaine sentencing amendment would ***not*** change the Guidelines sentence, the exclusion set forth in U.S.S.G. § 1B1.10(a)(2)(B) applies. *See Johnson*, 517 F.3d at 1024. Therefore, "[a] reduction in the defendant's term of imprisonment is not consistent with [the applicable] policy statement ***and therefore is not authorized under 18 U.S.C. § 3852(c)(2).***" U.S.S.G. § 1B1.10(a)(2) (emphasis added); *Johnson*, 517 F.3d at 1024.

Moreover, although the statutory mandatory minimum was excused in this case because of the Government's motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the ultimate sentence was ***not*** a Guidelines sentence but rather a statutory sentence that 18 U.S.C. § 3553(e) authorized. *See* 18 U.S.C. § 3553(e).[2] Although the sentence "shall be imposed ***in accordance with*** the Guidelines and policy statements issued by the Sentencing Commission," *id.* (emphasis added), the Guidelines sentence is set at the statutory mandatory minimum by operation of

---

[1] U.S.S.G. § 5G1.1(b) provides, in pertinent part, that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, ***the statutorily required minimum sentence shall be the guideline sentence***." (emphasis added).

[2] Section 3553(e) of Title 18 of the United States Code provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e).

U.S.S.G. § 5G1.1(b).  *See United States v. Richardson*, 521 F.3d 149 (2d Cir. 2008) (holding that, in such circumstances, "***the Guidelines sentence*** ends up as the ***statutory minimum***" (citation omitted)).  Therefore, even in these circumstances, the retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence, is no help to Defendant.

Furthermore, as the Second Circuit recently stated,

> [w]hen . . . the Guidelines sentence ends up as the statutory minimum, ***both the decision to depart and the maximum permissible extent of the departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating considerations***.  *See* 18 U.S.C. § 3553(e) (providing "defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense" as singular ground for departing below statutory minimum); *see also United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006), *cert. denied*, 549 U.S. 1179, 127 S. Ct. 1148, 166 L. Ed. 2d 993 (Jan. 22, 2007) ("We . . . join the majority of circuits in holding that the extent of a . . . § 3553(e) departure must be based solely on assistance related concerns."); *United States v. Williams*, 474 F.3d 1130, 1130-31 (8th Cir. 2007) ("Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations."); *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003) ("[I]n fixing a substantial assistance departure . . . [t]he district court may not, however, consider factors unrelated to the defendant's assistance.").

*Richardson*, 521 F.3d at 159 (emphasis added); *see also Johnson*, 517 F.3d at 1023 ("In reducing a sentence below the statutory minimum under 18 U.S.C. § 3553(e) for a defendant's substantial assistance, a court may only consider factors related to that assistance and may not use the factors in 18 U.S.C. § 3553(a) to decrease the sentence further."  (citations omitted)).

In this case, because the statutory mandatory minimum exceeded the applicable Guidelines range, the Court began its determination of Defendant's sentence with that statutory

mandatory minimum of life imprisonment.[3]  *See Williams*, 551 F.3d at 185 (holding that, "[o]nce the mandatory minimum applied, [the defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"  (quoting 18 U.S.C. § 3582(c)(2))).  Moreover, pursuant to its authority under § 3553(e), the Court imposed a sentence below that statutory mandatory minimum based solely on the Government's motion pursuant to U.S.S.G.  § 5K1.1.  Thus, the ultimate sentence that the Court imposed was not a Guidelines sentence but rather a statutory sentence that 18 U.S.C. § 3553(e) authorized.  Therefore, because the Court already fully considered Defendant's cooperation in setting his sentence and because the Court is limited to considering *only* Defendant's cooperation in moving below the statutory mandatory minimum, for all practical purposes, the crack cocaine sentencing amendment is superfluous.  *See United States v. Veale*, No. 03-CR-167, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008).

### III. CONCLUSION

Accordingly, after carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

---

[3] In other words, the Court did not take the Guidelines sentencing range into consideration in determining Defendant's sentence.

**ORDERS** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 in light of Amendment 706 to the Guidelines is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 7, 2009
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge